**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

KEITH BROWN                                                                                          PETITIONER

V.

CIVIL ACTION NO. 3:04-cv-250WN
CRIMINAL NO. 3:92-cr-128WN

UNITED STATES OF AMERICA                                          RESPONDENT

**ORDER**

Before the court is a petition for habeas corpus relief pursuant to Title 28 U.S.C. § 2255[1] which was filed on March 29, 2004.  Previously, the petitioner had presented a petition for habeas corpus relief to this court under Civil Action No. 3:02-cv-298WN on March 27, 2002.  This petition, which was pending when the above styled and numbered cause was filed, was denied on July 29, 2005, and the appeal was dismissed for want of prosecution on January 17, 2006.

The instant case is a successive petition under Title 28 U.S.C. § 2255 and is subject to the screening provisions set out in § 2255, ¶ 8, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996.  *In re Tolliver*, 97 F.3d 89, 90 (5th Cir. 1996). That section provides that a second or successive motion filed

---

[1]Title 28 U.S.C. § 2255 provides in part that, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move to vacate, set aside or correct the sentence."

by a person attacking a sentence under § 2255 "must be certified as provided in Title 28 U.S.C. § 2244 by a panel of the appropriate court of appeals" before it can be heard in the district court. See Title 28 U.S.C. § 2244(b)(3)(A); *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005). In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the United States Court of Appeals for the Fifth Circuit stated that " ' § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until ⋯ [the Fifth Circuit] has granted the petitioner permission to file one." ' *See also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).  In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."  *Crone*, 324 F.3d at 836-37.

Therefore, inasmuch as this court is without jurisdiction to consider this petitioner without its first being screened by a panel of the Fifth Circuit, this above styled and numbered cause is hereby dismissed without prejudice.

**SO ORDERED** this the 31st day of October, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE

CIVIL ACTION NO. 3:04-cv-250WN
CRIMINAL NO. 3:92-cr-128WN Order